UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BIOLUMIX, INC., ET AL.,

       Plaintiffs/Counter-Defendants,

v.

CENTRUS INTERNATIONAL, INC.,

       Defendant/Counter-Plaintiff.

_____/

Case No.  08-11418

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT [74]

       Plaintiffs Biolumix, Inc., Gideon Eden, and Ruth Eden brought suit against Centrus International, Inc. seeking declaratory judgments that Plaintiff did not infringe on various patents of Defendant, did not engage in unfair competition with Defendant, did not violate contracts, did not infringe on trademarks of Defendant, and that Plaintiff are the rightful owners of various patents.

       Now before the Court is Defendant's Objection [99] to the Special Master's Order [98] Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment [74]. For the reasons stated below, the court ADOPTS the Special Master's Order and OVERRULES Defendant's objection.

### I.  Procedural and Factual Background

       This case was originally filed in April 2008. Plaintiffs Ruth and Gideon Eden are owners of Biolumix, Inc.. Prior to founding Biolumix, both Edens worked at BioSys, Inc., a predecessor of the current Defendant, Centrus, Inc. While at BioSys, the Edens developed a number of patents which were assigned to BioSys and are now owned by Defendant. In time the Edens left BioSys

and, in 2006, Ruth Eden founded Biolumix to develop new products and technologies. Most important to the present litigation, Ruth Eden developed two new products, the "BioLumix," a microbiological testing device, as well as a "Four-Legged Vial" for use with the BioLumix device. These products compete in the marketplace with products of the Defendant and are the Biolumix products Defendant, in its Counterclaim, alleges infringes on its own products.

Plaintiffs, in their Second Amended Complaint, filed April 12, 2010, allege thirteen claims involving patent infringement and validity, breach of contract, trademark infringement and other related matters. Defendant, in a Counterclaim filed April 14, 2010, alleges forty-one claims involving patent infringement and validity, breach of contract, trademark infringement, civil conspiracy and other related matters.

After numerous motions, referral to arbitration, and appeal of certain issues to the Federal Circuit, the present case was, by stipulated Order [63] on February 5, 2010, referred to a Special Master. Plaintiffs filed a Motion for Partial Summary Judgment [74] on July 21, 2010. On August 2, 2011, the Special Master entered an Order [98] granting in part and denying in part the motion. The Special Master granted summary judgment to Plaintiffs on the issue of non-infringement with respect to two patents, Des 429,338 (2000) and D 457,645 (2002), while denying summary judgment on two other patents, U.S. 5,366,873 (1994) and U.S. 5,197,576 (2001). There is no objection to the Special Master's denial of summary judgment with respect to the latter two patents.

Defendant's Objection [99] was filed on August 16, 2011, and challenges only the portion of the Special Master's order that grants summary judgment to Plaintiffs on the matter of non-infringement with respect to two patents related to testing vials. Plaintiffs filed a response [105] to Defendant's Objection on August 22, 2011. The patents are related, are for relevant purposes

"identical," and relate to vials used in micro-organism optical testing.  *See* Special Master's Order Granting in Part and Denying in Part Mot. Summ. J. ("Special Master's Order") at 7.

The Special Master's Order granting summary judgment to Plaintiffs on the issue of non-infringement of the two patents is based upon the finding that Defendant did not directly address the infringement issue on the merits in its response to Plaintiffs' motion.  In addition, the Special Master found clear and substantial design differences in the configuration of various portions of the vials used in the BioLumix device compared to the design of the vials displayed in Defendant's patents, leading the Special Master to conclude that such differences would lead an ordinary observer familiar with micro-organism testing vials to believe that Plaintiffs' design was not the same as Defendant's patented design.

## II. Analysis

### Standard of Review

Federal Rule of Civil Procedure 53 governs the appointment and functions of Special Masters.  This Court reviews *de novo* all objections to findings of fact made or recommended by the Master, and decides *de novo* all objections to conclusions of law made or recommended by the Master.  Fed .R. Civ. P. 53(f).

Defendant objects to the Special Master's finding of non-infringement with respect to patents DES 429,338 and D 457,645, both concerned with a "Four-Legged Testing Vial."  Defendant's objection focuses on two arguments: First, that Plaintiffs have "refused to produce, and thus Centrus has had no opportunity to inspect, 11 of the admitted 13 vials as to which Plaintiffs' seek summary judgment."  Def's Obj. at 2.  Second, Defendant argues that, contrary to the Special Master's findings, there are no significant design differences between its' patents and Plaintiffs' patents.

**Plaintiffs' Motion for Partial Summary Judgement**

Plaintiff's non-infringement action was brought with regard to their "Four-Legged Vial" invention, Second Amended Complaint, Exhibit 13, which has had two iterations, reflected by two separate patents. Defendant, in their original cease and desist letter to Plaintiffs, alleged that the 434 patent infringed upon their own D429,338 patent for a "Transparent Vial."

A motion for summary judgment is granted under Fed. R. Civ. P. 56(c) when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1987). Facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). However, the non-moving party must present "specific facts showing that there is a genuine issue for trial" that demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted).

Defendant falls short of establishing a genuine issue of material fact. Defendant fails to address the central argument by Plaintiffs: that there are major design differences between the patents. Defendant's entire theory rests upon their insistence that there are a number of "secret" vials that Plaintiffs have not produced which may or may not infringe on Defendant's patents. As Defendant offers no proof, other than speculation, that said vials actually exist, Defendant's allegations do not create a genuine issue of material fact.

**"Secret" Vials**

Defendant spends nearly the entirety of its Objection to the Special Master's findings complaining about a lack of discovery. Specifically, Defendant argues that it has received "only 2

of 13 admitted vials" from Biolumix when Defendant purchased a Biolumix device from Plaintiffs. This purchase stems from a June 24, 2009, settlement conference wherein Plaintiffs agreed to sell to Defendant a BioLumix device along with "a sample of vials and reagents to be used with the instrument." Pls. Mot. for Order of Preclusion and Expedited Discovery [44], Ex. A. The device and vials were delivered to Defendant on June 30, 2009. Defendant now claims that there are an additional eleven "admitted" vials which it has not seen and which it was not provided samples of. Defendant argues that summary judgment is inappropriate because discovery of said vials is necessary for Defendant to properly evaluate whether its patents have been infringed upon.

Plaintiffs counter that Defendant has seen every type of vial produced by Biolumix. Defendant does not identify in its brief how it determined that there are actually thirteen types of vials manufactured by Plaintiffs, but merely asserts their existence. Defendant argues they are to argue against summary judgment without access to all thirteen types of vials.

Plaintiffs provide the affidavit of Gideon Eden, who states that BioLumix manufactures only two types of vials, and that Defendant and the Special Master have examined both vials. Plaintiffs also note that, as they are seeking summary judgment with regards to the issue of non-infringement, this judgment of non-infringement applies only to the vials that Plaintiffs have submitted to the Special Master. Thus, if "secret vials" did exist, Plaintiffs would gain nothing from a grant of non-infringement with respect to any vials not examined by the Special Master.

Defendant first references receiving "some vials" from Plaintiffs in their Answer and Counterclaim [66] at 4, 29. No reference is made to missing vials. Plaintiffs, referring to the sale of vials to Defendant, reference a "large sampling of vials." Second Am. Compl. at 20. Defendant first makes reference to "two of the thirteen vials" in its Response the Motion for Partial Summary Judgment [93] at 7, wherein it complains about a lack of discovery in the case. Defendant accuses

Plaintiff of "withh[olding] certain vial types, and [refusing] to produce all vials...." *Id.* at 3. Defendant also states that Plaintiff "slyly included samples of only two types of thirteen vials rather than a sample of each vial type available with the system." *Id.* at 7. Defendant argues that without discovery and acquisition of these missing vial types, "Centrus cannot present the essential facts necessary to respond to Plaintiffs' claims of non-infringement . . . ." *Id.*

To support its claims about the vials, Defendant references the affidavits of Jason Lilly, Director of Corporate Development for Neogen and Centrus, and Mark Fox, one of Defendant's Attorneys. In the cited portions of his affidavit, Dr. Lilly simply states that "Plaintiffs included sample of only two types of vials rather than a sample of each vial type available with the system." He provides no evidence or, indeed, reasoning why he believes there are more types of vials. Lilly Affidavit, ¶¶ 7, 10. Dr. Lilly also states that the BioLumix vials are "functionally" the same as Defendant's vials, which is irrelevant in a design patent case, as discussed below. *Id.* ¶ 13. Mr. Fox simply notes that "only two of the 13 vials available were produced by Plaintiffs," without any explanation as to why he has concluded there are 13 types of vials. Fox Affidavit, ¶ 3.

The record indicates that Plaintiffs gave Defendant one hundred vials on June 24, 2009, including 68 test vials and 32 calibration vials. Pls.' Reply [96]. The BioLumix brochure included as part of the Defendant's Jason Lilly Affidavit shows that there are only two types of BioLumix vials, a membrane vial and a carbon-dioxide vial, each of which is available with different medium and dye content combinations to detect different types of microbes. Reply at 2. Defendant "already has all types of vials in its possession." *Id.* at 11. The affidavit of Gideon Eden, attached to the Reply as Exhibit A, notes that Biolumix sells only two basic types of vials - a membrane vial and a carbon dioxide vial, and that each type utilizes a single type of plastic vial, with the only differences within the two formats being the specific medium and dye content which allow for

detection of different microbes  - two factors which are not relevant to the design patent infringement question in this case.  Reply Ex. A, ¶ 10.

Defendant received 100 vials from Plaintiffs, all having the same basic structural design. All could be used to evaluate the infringement claim on the design patent, because all the vials bear the same basic design.  *Id.*  Although it is unclear, it seems that Defendant's "2 of 13" number stems from the number of different dye/medium combinations Defendant received, a number which is irrelevant in the design context.[1]  It is thus unclear why Defendant has repeatedly claim it received "only two types of vials."  Defendant provides no alternative explanation as to how it has determined that there secret vials that have not been turned over through discovery.

Defendant has failed to rebut Plaintiffs' argument that there is no genuine issues of material fact with regards to the non-infringement claims on patents DES 429,338 and D 457,645.  Defendant fails to persuasively argue for the need for additional discovery.  Defendant presents no evidence to support the allegation that there are eleven "secret" types of vials which it has not received.  At the summary judgment stage, Defendant must point to some facts in the record that support their argument.  They are unable to do so with respect to the existence of additional types of vials.

## Non-Infringement

Defendant's main argument with respect to the design differences is that "there are fact issues as to whether any differences between the designs are significant, and not minor or trivial, and/or whether ordinary observers may be . . . confused by the similarity between the designs."  Def.'s Obj. to Special Master's Order at 5.  However, at the summary judgment stage, Defendant is required to provide more than mere assertions that a genuine issue of material fact exists.

---

[1]Defendant's contention also may be inaccurate.  According to Plaintiffs, Defendant was given five different medium/dye combinations, not two.  Reply Ex. A ¶ 10.

Defendant identifies no specific features of the designs that may be significant, and offers no reason why the Special Master's determination that there were clear and substantial design differences "in leg configuration, reading zone side-wall configure and configuration of the lower of the incubation zone of the vial" is incorrect.

Defendant has had Plaintiff's vials in its possession for more than two years, since June 24, 2009. Defendant has had ample time to determine whether the design of Plaintiff's vials infringes upon their own patent. Defendant offers little argument and no evidence in this regard, such that the Special Master concluded that Defendant had not actually "addressed the motion for summary judgment on the merits of noninfringement." Special Master's Order at 8. The court adopts the reasoning of the Special Master.

### Conclusion

Defendant has failed to establish a genuine issue of material fact with respect to Plaintiffs' claims of non-infringement of the Des 429,338 (2000) and D 457,645 (2002) patents.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment [74] is **GRANTED** on the issue of non-infringement with respect to two patents, Des 429,338 (2000) and D 457,645 (2002). Plaintiffs' Motion for Partial Summary Judgment is **DENIED** with respect to the two remaining patents, U.S. 5,366,873 (1994) and U.S. 5,197,576 (2001).

**SO ORDERED**.

s/Arthur J Tarnow
Arthur J. Tarnow
Dated: May 31, 2012                Senior United States District Judge