UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BIOLUMIX, INC., ET AL.,

    Plaintiffs/Counter-Defendants,

v.

CENTRUS INTERNATIONAL, INC.,

    Defendant/Counter-Plaintiff.

                                        /

Case No. 08-11418

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN WHALEN

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [276]

Now before the Court is Defendant's Motion for Reconsideration [276] of the Court's Order [264] denying Defendant's Motion for Summary Judgment [209] and granting in part and denying in part Plaintiffs' Motion for Summary Judgment [212]. For the reasons stated below, Defendant's Motion for Reconsideration is **DENIED**.

### STANDARD

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003)

(A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case.") "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

## ANALYSIS

### A. Defendant's Arguments Concerning '873 Patent[1]

#### i. Argument that the Court erroneously described the "barrier layer" of the '873 vial as a "single homogenuous substance."

Defendant's argument focuses on a single phrase in the Court's order discussing the '873 patent. As clarification, the Court quotes Claim 1 of the '873 patent and confirms that the '873 vial is a bipartite vial consisting of a fluid layer and a "barrier layer . . . composed of a matrix phase . . . said barrier layer providing a barrier to solid substances introduced into [the] fluid layer while providing a fluid zone within said matrix . . . ." As such, the way in which the agar barrier layer functions in the '873

---

[1]For the sake of clarity, the Court will address Defendant's arguments in the same order as they are set out in the motion for reconsideration.

vial is to provide a barrier to solid substances while also providing a fluid zone within said agar matrix.

### ii. Argument that the Court erroneously found that detection must occur in the barrier layer.

Defendant's next argument focuses on the word "can." According to Claim 1 of the '873 patent, in discussing detection of microbial growth, "said change occurs and can be detected in said indicator substance contained in said fluid in said matrix . . . ." The "matrix," as noted above, refers to the agar "barrier layer." Further, in the abstract of the '873 patent submitted the United States Patent Office, the vial is described as having a "liquid phase which supports microbial growth," and a "secondary phase which consists of semi-liquid material [and] forms a barrier layer through which only small particles can diffuse . . . [n]oise-free optical measurements are carried out at the barrier layer which are indicative of metabolic changes associated with microbial growth." *See* Pls.' M. Summ. J. [212], Ex. C.

Defendant argues that the word "can" means that only that microbial growth "may" be detected in the barrier layer, and that this means that the "barrier layer" and the "detection zone" are two separate areas of the '873 vial. Given the actual language of the '873 patent provided in the actual patent claims, the Court is not persuaded that its discussion of the patent was erroneous.

Argument that the Court erroneously determined that the BioLumix membrane functions only as a barrier.

Defendant's argument here presents the same issues and arguments already ruled upon by the Court. The Court sees no reason to alter its previous decision.

### iii. Conclusion - '873 Patent

Defendant has failed to demonstrate a palpable error in the Court's reasoning that would require the Court to reconsider its earlier order. Accordingly, Defendant's Motion for Reconsideration is DENIED as to the '873 patent.

### B. Defendant's Arguments Concerning '576 Patent

### i. Argument concerning waiver of factual dispute

In its Order granting Plaintiffs summary judgment as to non-infringement of the '576 patent, the Court noted that Defendant had waived the argument that there was a factual dispute as to whether the BioLumix device in fact could accurately calibrate without the use of calibration vials, because the argument was raised for the first time in Defendant's Objection [225] to the Special Master's Report [217].

Defendant argues that the Court's ruling was erroneous because the issue was raised in their Response [214] to Plaintiffs' Motion for Summary Judgment [212]. Defendant points to a single footnoted sentence in their 28-page brief that states "[i]n addition Centrus submitted evidence that the test results are equivalent whether the

system is calibrated with calibration vials or not." This footnote is at the end of a long argument concerning whether the language of the '576 patent claim excludes the use of calibration vials. Defendant also use the same language in a single sentence in their reply brief to their own Motion for Summary Judgment [209].

As the Court noted in its Order when adressing this issue, the Court "is not required to speculate on which portions of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Similarly, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)).

Given the repeated opportunities presented to Defendant to develop this argument, and Defendant's failure to advance this argument until after the Special Master's ruling, the Court will not now reconsider its original decision to deem this line of argument waived.

### ii. Argument concerning the scope of the '576 patent

Defendant's argument here presents, to a great extent, a restatement of the issues and arguments already ruled upon by the Court and the Special Master. The Court sees no reason to alter its previous decision.

### iii. Conclusion - '576 Patent

Defendant has failed to demonstrate a palpable error in the Court's reasoning that would require the Court to reconsider its earlier order. Accordingly, Defendant's Motion for Reconsideration is DENIED as to the '576 patent.

### CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant's Motion for Reconsideration [276] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: August 20,2013　　　　　Senior United States District Judge