UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BIOLUMIX, INC., ET AL.,

Plaintiffs/Counter-Defendants,

v.

CENTRUS INTERNATIONAL, INC.,

Defendant/Counter-Plaintiff.

Case No. 08-11418

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN
WHALEN

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
AND LEAVE TO FILE A RESPONSE TO PLAINTIFF'S OBJECTION
TO SPECIAL MASTER'S RULING REGARDING PRODUCTION OF
COMPUTERS [449]; PLAINTIFF'S OBJECTION TO SPECIAL MASTER'S
RULING REGARDING SUPPLEMENTING DISCOVERY RESPONSES [450];
AND PLAINTIFFS' OBJECTION TO THE SPECIAL MASTER'S RULING
REGARDING CENTRUS' MOTION FOR ADVERSE INFERENCE [476]**

Before the Court is Defendant's Motion for Reconsideration and Leave to File a Response to Plaintiff's Objection to Special Master's Ruling Regarding Production of Computers [449]. In an Order [424], the Court sustained in part Plaintiff's Objection [410] to to the Special Master's Ruling [396]. The Court sustained Plaintiff's objection only insofar as to limit the Defendant's discovery of Plaintiffs' computers to the materials Defendant originally requested for production.

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case." *Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003). "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Upon review of Defendant's arguments, the Court finds Defendant's motion for leave to be unpersuasive. The same concerns about scope of discovery and trial delay explained in this Court's Order [410] still control this issue. Therefore, although the Court entered its Order [424] sustaining Plaintiff's Objection [410] to the Special Master's Ruling [396] on the day that Defendant's Response to Plaintiff's Objection [410] was due, it was harmless error. Defendant's Motion [449] is denied.    A l s o

before the Court is Plaintiff's Objection to Special Master's Ruling Regarding Supplementing Discovery Responses [450] and Defendants' Response [472]. These filings pertain to the Special Master's Ruling Re Supplementing Discovery Responses [440]. Plaintiffs' object that the Special Master's Ruling [440] violates Fed. R. Civ. P. 26(e)(1)(A) because their duty to supplement prior discovery is limited. Federal Rule of Civil Procedure 26(e)(1) provides:

> (1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--*must* supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) *as ordered by the court.*

(Emaphasis added). The Special Master reviewed both sides' best arguments regarding supplementation in Centrus' Motion to Compel [412] and Plaintiffs' Response [420]. The Special Master then determined that Centrus may make specific requests for Plaintiffs to supplement and that Plaintiffs must respond. The Special Master properly relied on the Notes to Fed. R. Civ. P. 26 to say that Centrus may

make specific supplementation requests. The Court hereby orders that Plaintiffs must respond to Centrus' specific requests accordingly. Fed. R. Civ. P. 26(e)(1)(B).

In their Objection [450], Plaintiffs also argue that the Special Master's Ruling [440] is unclear about whether they are permitted to object to Centrus' future requests for supplementation. The Special Master has stated that failures to respond to Centrus' specific requests to supplement will be sanctionable under Red. R. Civ. P. 37(c). *See* Ruling [440]. Plaintiffs still enjoy the benefits of the Stipulated Protective Order [109] in this case. Consequently, the Special Master or the Court may deem Plaintiffs' frivolous objections to Centrus' specific requests as sanctionable Rule 37(c) failures to respond as described in the Special Master's Ruling [440].

Also before the Court is Plaintiffs' Objection to the Special Master's Ruling Regarding Centrus' Motion for Adverse Inference [476]. Defendants did not respond. Plaintiff objects to the Special Masters Ruling [473]. In his Ruling [473], the Special Master denied Centrus' Motion for Adverse Inference [455] without prejudice. In their Objection [476], Plaintiffs argue that the Special Master should have denied Centrus' Motion [455] with prejudice. Given that the Special Master has not found the facts pertinent to the issue, to prejudice Defendants' rights at this point would be premature.

Accordingly, the Court being fully advised in the premises,

**IT IS ORDERED** that Defendant's Motion for Reconsideration [449] is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Objection [450] is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Objection [476] is **DENIED**.

**SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated:  October 24, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 24, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary