UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BIOLUMIX, INC., ET AL.,

    Plaintiffs/Counter-Defendants,

v.

CENTRUS INTERNATIONAL, INC.,

    Defendant/Counter-Plaintiff.
                                                        /

Case No.  08-11418

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN WHALEN

## ORDER DENYING PLAINTIFFS' OBJECTION [255] TO SPECIAL MASTER'S RULING

Before the Court is Plaintiffs' Objection [255] to the Special Master's Order. For the reasons stated below, Plaintiffs' Objection is **DENIED**.

The Special Master's Order [257] relates to "the Eastman documents," which third-party Eastman Chemical Company produced to Centrus.  Centrus created a privilege log for the 1,500 to 2,000 Eastman documents and claimed that sixty-seven of them were privileged.  The Special Master's Order [257] denied Plaintiffs' renewed motion for *in camera* review of the sixty-seven documents.

Now, Plaintiffs present two alternative objections to the Special Master's ruling. First, Plaintiff objects that Centrus did not demonstrate the applicability of privilege to each of the sixty-seven documents.  The Court disagrees.  In pertinent part, in order to establish privilege, a party must describe the nature of the documents not disclosed in a way that does not reveal the privileged information itself.  Fed. R. Civ. P.

26(b)(5)(A)(ii). Centrus provided an original privilege log. The Special Master, however, ordered Centrus to amend the log to provide more specific reasons for claiming privilege. In the amended log, Centrus more thoroughly described the content of the sixty-seven documents it claimed was privileged. For example, one of the documents Centrus claims is privileged is described as "Discussion re: resolution of claims of Gideon and/or Ruth Eden" in the amended log. As the Special Master's Order [257] stated, the amendments to the descriptions of the other documents were identical or similar. These descriptions are sufficient to satisfy Centrus' burden to establish the applicability of privilege.

Centrus asserts attorney-client privilege under the common interest doctrine. The common interest doctrine expands the coverage of attorney-client privilege where two or more parties with a common interest in a matter are represented by separate lawyers and share information. *Reed v. Baxter*, 134 F.3d 351, 357 (6th Cir. 1998). The common interest doctrine can preserve attorney-client privilege where it would otherwise be waived via-third party communication. *Id*. Eastman previously owned Centrus. The Edens have made adverse claims common to both Eastman and Centrus during the times relevant to the subject sixty-seven Eastman documents. The Court is satisfied that Centrus has successfully asserted attorney-client privilege under the common interest doctrine.

Centrus also successfully asserts settlement privilege under FRE 408. Communications made in furtherance of settlement negotiations are privileged. *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003). "This is true whether settlement negotiations are done under the auspices of the court or informally between the parties." *Id*. There is no requirement that the privileged communication be between adverse parties. The Court is satisfied that Centrus has successfully asserted settlement privilege.

Alternatively, Plaintiffs assert that at the very least a third party who is not the fact-finder in this case should review the sixty-seven Eastman documents to determine whether they are privileged. Because the Court is satisfied that the subject sixty-seven Eastman documents are privileged, Plaintiffs have no right to compel their examination by anyone, including a third party.

Accordingly, the Court being fully advised in the premises,

**IT IS ORDERED** that Plaintiffs' Objection [255] is **DENIED**.

**SO ORDERED**.

                                            s/Arthur J. Tarnow
                                            Arthur J. Tarnow
Dated: November 14, 2013          Senior United States District Judge