UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BIOLUMIX, INC., ET AL.,

    Plaintiffs/Counter-Defendants,

v.

CENTRUS INTERNATIONAL, INC.,

    Defendant/Counter-Plaintiff.
_____/

Case No.  08-11418

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN WHALEN

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS [474] TO THE SPECIAL MASTER'S ORDER RE-OPENING THE EDEN DEPOSITIONS; DENYING PLAINTIFFS' MOTION TO STRIKE CENTRUS' POST-HEARING MEMORANDUM [484]; ADOPTING THE SPECIAL MASTER'S ORDER [492]; OVERRULING PLAINTIFFS' OBJECTION [505]; GRANTING IN PART AND DENYING IN PART CENTRUS' MOTION TO ADOPT AND MODIFY SPECIAL MASTER'S ORDER [509]; GRANTING IN PART AND DENYING IN PART CENTRUS' MOTION TO STRIKE [517]; OVERRULING PLAINTIFFS' OBJECTION [546]; AND RESOLVING MOTIONS [455], [462], [471], [510], [520], [522], [541], [547], AND [554]**

Before the Court are Plaintiff's Objections [474] to the special master's Order [464] and Centrus' Response [477]; Plaintiffs' Motion [484]to strike Centrus' post-hearing Memorandum [479] and Centrus' Response [485]; Plaintiffs' Objections [505] to the special master's Order [492], Centrus' Response [512], Plaintiffs' Reply [515], Centrus' Motion [517] to Strike Plaintiff's Reply [515], Plaintiffs' Response [518], and Centrus' Reply [519]; Centrus' Motion [509] to adopt special master's Order [492], Plaintiffs' Response [513], Centrus' Reply [516], and Centrus' Supplemental

Authority [550]; and Plaintiffs' Objection [546] to the special master's Order [542] and Centrus' Response [552].

Also before the Court are numerous other motions filed by the parties, including [455], [462], [471] [510], [520], [522], [541], [547], and [554] which due to rulings by the special master are now resolved.

In an Order [464], the special master ruled that Defendants could re-depose the Edens because plaintiffs had produced a large amount of discovery since the first depositions and this Court's previous Order only declined to open discovery on certain narrow matters. Plaintiffs filed an Objection [474] and Defendants filed a Response [477]. For the reasons stated in the special master's Order [464], Plaintiffs' objection [474] is overruled.

After the special master conducted an evidentiary hearing on September 26 and 27, 2013, Defendants filed a post-hearing Memorandum [479]. Subsequently, Plaintiffs filed a Motion to Strike Centrus' post-hearing Memorandum [484], arguing that Defendants had exceeded the local rule page limit for filings without leave of Court. Centrus filed a Response [485]. The Court uses its discretion to deny Plaintiffs' Motion to Strike [484].

After the special master conducted an evidentiary hearing on September 26 and 27, 2013, the special master entered an Order [492] ruling that Plaintiffs had committed discovery misconduct. As a result, the special master recommends that the

Court set aside its grant of summary judgment on the '576 patent to Plaintiffs and sanction the Plaintiffs for their misconduct. Plaintiffs filed an Objection [505] to the special master's Order [492] and Centrus filed a Motion [509] to adopt in part and modify in part the Order [492].

In its Motion [509], Centrus moves the Court (1) to adopt the findings of the special master that there is clear and convincing evidence that Plaintiffs engaged in misconduct under Rule 60(b)(3) by asking one witness—Dickson—to falsify testimony and asking another witness—Levesque—to destroy evidence; (2) to affirmatively find further misconduct based on the Edens' contradictory testimony or remand to the special master for further recommendation; and (3) to enhance the sanctions already recommended by the special master. The Court hereby adopts the special master's Order [492] without modification. The special master found enough evidence during the two-day hearing and to recommend setting aside summary judgment on the '576 patent. A trial to explore the remaining questions of material fact regarding the '576 patent is the proper procedure at this point. As the special master noted, he still has discretion to allocate fees and costs at the conclusion of these proceedings. R. [492] at 8n.1. Accordingly, the matter of additional sanctions against either party regarding the '576 patent is unripe while questions of material fact remain.

In their Objection [505] to the special master's Order [492], Plaintiffs argue that the first-sale doctrine limits a patentee's ability to restrict the use of its invention after the first sale of that invention to an authorized buyer. Plaintiffs argue that the evidence conclusively establishes that Gideon Eden purchased the Solaris via Microsys with Eastman's permission. Plaintiffs' argument plainly misstates the evidence in the record. Gideon Eden testified at a deposition that the licenses he was supposed to receive did not even pertain to the '576 patent. As the special master concludes, there are genuine questions of material fact about the nature of the Edens' use of the Solaris.

Plaintiffs next object that the record does not support the special master's finding of misconduct. This argument is plainly contradicted by the record. Mr. Dickson testified that Ruth Eden asked him to represent that he only dealt with her and not her husband, Gideon. Additionally, Levesque testified that Gideon told him, *inter alia,* "if [Levesque] was unable to find any of the stuff form the previous work that we had done that . . . would be better for everyone."

Plaintiffs' last objection is that the special master's findings constitute an improper prejudgment in favor of Centrus. The special master properly found on a clear and convincing standard that Plaintiffs have committed discovery misconduct. That finding is irrelevant to the pending issues of breach of contract or infringement.

The result of the special master's finding of misconduct was to recommend narrow sanctions and further fact-finding, not conclude that Plaintiffs had breached.

Plaintiffs filed a Reply [515] to Centrus' Response [512] to Plaintiffs' Objection [505] without leave of the Court. Centrus filed a Motion [517] to strike Plaintiffs' Reply or in the alternative file a sur-reply. The Federal Rules of Civil Procedure do not authorize parties to file reply briefs in the context of objections. *See* Fed. R. Civ. P. 72. Centrus' Motion [517] is granted in part—Plaintiff's Reply [515] is stricken—and denied in part—Centrus may not file a sur-reply.

The special master issued an Order [542] directing Plaintiffs to comply with standing discovery inquiries within ten days of May 2, 2014. Plaintiffs filed and Objection [546] and Centrus filed a Response [552]. Plaintiffs assert many arguments in their Objection [546] about why they should not have to comply with the special master's Order [542]. There are two standing orders in this case requiring Plaintiffs to comply with Centrus' supplementation requests. R. [440], R. [486]. Plaintiffs present no new evidence or reasons in their latest Objection [546] regarding why they should not have to comply with Centrus' requests. Plaintiffs' Objection [546] is overruled and they are required to comply with the special master's Order [542] by August 15, 2014. This issue of discovery supplementation has been the subject of numerous filings for more than a year at this point. No further briefing on this issue will be entertained.

Accordingly, the Court being fully advised in the premises,

**IT IS ORDERED** that Plaintiff's Objection [474] is **OVERRULED.**

**IT IS FURTHER ORDERED** Plaintiffs' Motion to Strike [484] is **DENIED**.

**IT IS FURTHER ORDERED** that the special master's Order [492] is hereby **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Objection [505] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Centrus' Motion to Strike [517] is **GRANTED**.

**IT IS FURTHER ORDERED** that Centrus' Motion to Adopt Special Master's Order [509] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' Objection [546] is **OVERRULED.** Plaintiffs are directed to comply with the special master's Order [542] by August 15, 2014.

**IT IS FURTHER ORDERED** that motions [455], [462], [471,] [510], [520], [522], [541], [547], and [554] are hereby **TERMINATED**.

**SO ORDERED**.

    s/Arthur J. Tarnow
    Arthur J. Tarnow
Dated: August 1, 2014    Senior United States District Judge